UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL L. LIGHTFOOT,<br><br>Petitioner,<br><br>v.<br><br>MARCUS HARDY, Warden,<br>Stateville Correctional Center,<br><br>Respondent. | Case No. 10-CV-2225 |

## OPINION

On October 1, 2010, Petitioner, Michael L. Lightfoot, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (#1). The Petitioner alleges that his constitutional right to effective counsel was violated because his trial and appellate counsel were both ineffective. The Respondent contends that the Petitioner's motion should be dismissed as time barred because it was filed more than one year after his conviction and sentence became final (#11).

This court has carefully reviewed the record in this case and the arguments of the parties. Following this careful and thorough review, this court agrees with the Respondent that the Petitioner's Section 2254 petition is time barred. Therefore, Petitioner's Petition (#1) is dismissed and the Respondent's Motion to Dismiss (#11) is granted.

## FACTS

On December 10, 2004, a jury convicted the Petitioner, Michael L. Lightfoot, of unlawful possession of a controlled substance with intent to deliver, a Class X felony under 720 Ill. Comp. Stat. 570/407(b)(1) (West 2002) because the offense took place within 1,000 feet of a public park. The trial court sentenced Petitioner to a mandatory natural life sentence finding him to be

a habitual criminal pursuant to 720 Ill. Comp. Stat. 5/33B-1(a) (West 2002). Petitioner appealed, and on December 8, 2006, the state appellate court affirmed. Petitioner filed a Petition for Leave to Appeal ("PLA") that the Illinois Supreme Court denied on March 28, 2007. There is no indication that the Petitioner filed a petition for a writ of certiorari to the United States Supreme Court following the denial of his PLA.

On September 12, 2007, Petitioner filed a Postconviction Petition pursuant to 725 Ill. Comp. Stat. 5/122-1, *et seq*. in the circuit court of Champaign County. On September 14, 2007, the state circuit court dismissed the petition, finding it frivolous and patently without merit. Petitioner appealed, and on May 8, 2009, the state appellate court affirmed. Petitioner filed a PLA that the Illinois Supreme Court denied on September 30, 2009. There is no indication that the Petitioner filed a petition for a writ of certiorari following the denial of his postconviction PLA.

On October 1, 2010[1], Petitioner filed the instant § 2254 petition (#1) and an attached a Memorandum of Law (#2). Petitioner raises two claims in this petition: (1) trial counsel rendered ineffective assistance; and (2) appellate counsel rendered ineffective assistance. On December 13, 2010, Respondent filed a Motion to Dismiss (#11). On January 3, 2011, Petitioner filed a Response to the Motion to Dismiss (#13).

## **ANALYSIS**

The Petitioner alleges in his Section 2254 petition that his constitutional right to effective counsel was violated at trial and on appeal, however Petitioner did not file his Section 2254

---

[1] This court does not address the issue of the mailbox rule for a Section 2254 petition because it has no determinative effect on the statute of limitations in this case. Therefore, this court will calculate the starting date from the date the petition was filed with the court clerk, October 1, 2010.

petition in a timely manner and therefore it should be dismissed.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A Section 2254 petition has a one year statute of limitations. According to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The facts of this case suggest that the Petitioner's Section 2254 statute of limitations should be calculated by subsection "A" of the aforementioned statute. Under that subsection, Petitioner's direct review became final on June 26, 2007, ninety days after his direct appeal was denied by the state supreme court and his time to file a petition for a writ of certiorari expired. See Jones v. Hulick, 449 F.3d 784, 787-88 (7th Cir. 2006). Thus, Petitioner's clock began running on June 26, 2007.

Petitioner filed his state postconviction petition on August 30, 2007, sixty-five days after the statute of limitations began to run. Pursuant to 28 U.S.C. § 2244(d)(2) this filing had the effect of tolling the statute of limitations. Thus, 300 days remained on Petitioner's clock.

Petitioner's postconviction litigation remained pending, and the time for filing his petition under § 2254 was tolled. On September 30, 2009, the state supreme court denied Petitioner's postconviction PLA. Thus, the clock began running again, because unlike a direct appeal, a state postconviction appeal is not tolled during the time the Petitioner had an opportunity to file a petition for writ of certiorari. Gildon v. Bowen, 384 F.3d 883, 885-86 (7th Cir. 2004). Therefore, Petitioner had until July 28, 2010, to file a timely habeas petition in this court. Petitioner did not file the instant petition until October 1, 2010, making the petition untimely by sixty-five days.[2]

Under extraordinary circumstances a prisoner may be entitled to an equitable tolling of the statute of limitations on a Section 2254 habeas corpus petition. See Holland v. Florida, 130 S.Ct. 2549, 2559-65 (2010). In these cases a petitioner bears the burden of proving that: (1) he

---

[2] Even if Petitioner did file a petition for a writ of certiorari, the Supreme Court has held that a petition for a writ of certiorari filed in Supreme Court from state postconviction action does not toll the statute of limitations under 28 U.S.C. §2244(d). Lawrence v. Florida, 549 U.S. 327, 336 (2007).

4

has been pursuing his rights diligently; and (2) some "extraordinary circumstance" prevented a timely filing. Id. at 2562-63 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

In Petitioner's Response to Motion to Dismiss (#13) he mentions interferences with his ability to send and receive mail due to lock downs at Stateville Prison. He states that the circumstances have "clearly demonstrated how the lockdown of this Facility prior [to], and during the commencement of Petitioner's filing of his habeas corpus Petition did indeed 'impede' some aspects in the condition of the filing."(#13). Furthermore he states, "[t]he Order Petitioner received from this Court Dated December 14, 2010, was not received by Petitioner as is to be noted and understood was almost a week later. Prisoners at Stateville are and have been having problems receiving mail and Clerk's mail is delivered via 'regular mail. Also, on December 22nd all mail was stopped from being received or delivered until this date. December 26, 2010." (#13).

This court acknowledges these circumstances, but ultimately finds them to be non-prejudicial. When these inconveniences are factored into the statute of limitations timeline they do not affect the Petitioner's ability to file a timely habeas corpus petition. Furthermore, the Petitioner has not met his burden under DiGuglielmo because he does not specify the period of time the prison facility was on lockdown prior to the filing of his Section 2254 petition. Therefore, Petitioner's Section 2254 motion (#1) must be dismissed as time barred and the state's Motion to Dismiss (#11) must be granted.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a

certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim." which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion should be dismissed as untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 (#1) is DISMISSED as time barred by the 1-year statute of limitations.

(2) The Government's Motion to Dismiss (#11) is GRANTED.

(3) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this  24th  day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE